of replying is reasonable and convenient. If it be sufficient to set forth in the plea, in general terms, a *conformity* with the act, it must be sufficient to set forth in general terms the grounds of avoidance in the *words* of the act. It would be very embarrassing to the pleader to set forth particularly, all the objects concealed; to specify dates, names, &c. This is a peculiar case, arising under the provisions of the statute, and ought not to be confined by the strict rules of pleading at the common law. There is no hardship, or inconvenience in obliging the deferdant to prove that he has, in all things, conformed to the act, or in other words, to repel all the objections made to his discharge on the part of the plaintiff.

*Harrison*, in reply, was stopped by the court.

*Per Curiam* The replication is clearly bad, for it does not state wherein there was perjury or fraud in obtaining the discharge. The plaintiff ought to lay his finger on the particular fact, or fraud, on which he means to rely, otherwise, the defendant can never know what he is to repel.

Judgment for the defendant.*

## Bell and others *against* P. N. Smith, President of the Columbian Insurance Company.

Where a vessel by the perils of the sea becomes so much injured as to render it necessary to sell her in a foreign port, the amount of her value on which the general average is to be calculated, is the amount she actually and bona fide sold for; and not the four-fifths of her original value, as in

THIS was an action on a policy of insurance, on the ship *Mary*, on a voyage from *Charleston* to *Glasgow*, and from thence to *Philadelphia*. The cause was tried at the *New-York* sittings, on the 13th of *June*, 1806, before Mr. Justice *Thompson*.

The *Mary* set sail on her return voyage with a cargo for *Philadelphia*, but was compelled by stress of weather,

to put [*] into *Lamlash Bay*, and afterwards ran aground, and became so much injured, that it was thought best to break up the voyage, and sell her at public auction.— The vessel did not sell for one half of her first cost. An abandonment was made to the defendants, as for a total loss; and proof given of an acceptance of the abandonment. But the sufficiency of the proof was much contested on the argument. The counsel at the trial agreed to submit the single point to the decision of the jury, whether there had been an acceptance of the abandonment or not; and if the jury should be of opinion that the abandonment was accepted, that then a verdict should be entered for the plaintiff, subject to an agreement to refer it to two persons, with liberty to choose a third, to adjust the amount of loss on the principle of a total loss, and that the referees in the report should state the principle on which they made the adjustment, in order that it might make part of the case, and be submitted to the decision of the court. It was further agreed, that either party might move the court to set aside the verdict, on the point submitted to the jury.

The jury found a verdict for the plaintiff on the point of an acceptance of the abandonment.

As the only point decided by the court related to the mode of adjusting the amount of loss, it is unnecessary to state the particulars of the evidence given to the jury, or the arguments of counsel, on the other question, which would not be well understood without a reference to the various documents and papers accompanying the case.

*Harison* and *T. L. Ogden*, for the plaintiff.

*Bogert* and *Hoffman*, for the defendant.

*Per. Curiam.* Whether there was an acceptance of the abandonment or not, under all the circumstances, was a matter of fact for the jury to decide, and we are not disposed to disturb their verdict. The only point for our decision is as to the rule to be adopted for calculating the amount which ought to be paid by the defendants.

NEW-YORK,
Nov. 1806.

Bell
v.
Smith.

case of capture. Whether an abandonment was accepted or not, is a question of fact for the jury to determine.

*1 Caines, 578

The case of *Leavenworth* v. *Delafield*,\* only settled how the different interests were to contribute towards a general average in case of capture, where no disaster had happened to injure the vessel or cargo. It would be obviously unequal to apply the same rule, where a vessel, by perils of the sea, has been so much deteriorated as to render a sale abroad necessary, and where the proceeds fall so far short, as they do in this case, of her original value. Where her real value is thus ascertained, that is, by an actual and *bona fide* sale, the owner should be made chargeable only on the amount for which she sold, which mode of adjustment must be pursued in this case.

Judgment for the plaintiff.